**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**COLUMBIA MUTUAL INSURANCE COMPANY**                                    **PLAINTIFF**

v.                                    4:05CV01118-WRW

**PERFECTING NEW LIFE LEARNING CENTER a/k/a
PERFECTING CHRISTIAN DAYCARE; DONNA HARRIS;
KAREN PHILLIPS; BETTY SANDERS; GRACE ALLEN
CHARLENE JACKSON; DEITRA JONES; CHARLIA
ROBINSON; LORETTA CAROLINA; OFFICERS AND
DIRECTORS OF PERFECTING NEW LIFE LEARNING
CENTER, KEVIN D. ALLEN, SR., CAROLYN ALLEN, AND
TERRANCE WILSON; OFFICERS AND DIRECTORS OF
PERFECTING NEW LIFE GOSPEL BAPTIST CHURCH a/k/a
PERFECTING NEW LIFE COMMUNITY DEVELOPMENT,
KEVIN ALLEN, CAROLYN ALLEN, JANICE WILSON,
CEDRIC MARKS, AND HENRY JOHNSON; JOHN DOE I,
JOHN DOE 11, AND JOHN DOE 111**                                    **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. Nos. 11, 39, and 48). Plaintiff responded (Doc. No. 20, 41, and 53). Defendants' Motions to Dismiss are DENIED.

**I.    BACKGROUND**

On April 5, 2004, Perfecting Christian Daycare ("Daycare"), caught fire during a cooking accident, which spread to the attached Perfecting New Life Gospel Baptist Church ("Church"). At the time of the incident, Church was insured by Plaintiff, Columbia Mutual Insurance Co. ("Columbia"). Daycare leased its facility on the Church's premises and was allegedly required to carry insurance by the terms of that lease. Daycare was not insured at the time of the accident.

1

Under contract, Columbia paid Church $713,757.23 for fire damages.  Columbia now seeks subrogation from Daycare, and its employees Karen Phillips, Grace Allen, Charlene Jackson, Charlia Robinson, Loretta Carolina, Betty Sanders, Keitra Jones, and Donna Harris.  In addition, Columbia seeks relief from the officers and directors of Church, Kevin Allen, Sr., Carolyn Allen, Terrence Wilson, Cedric Marks, Janice Wilson, and Henry Johnson, for failing to enforce the provisions of the lease.

## II. Motion to Dismiss

In deciding a motion to dismiss, I am required to view the facts alleged in the complaint in the light most favorable to plaintiff.[1]  After reviewing the facts set forth, the Complaint will be dismissed only if it appears that the plaintiff has failed to prove any facts in support of the claim which would entitle it to relief.[2]  All facts set out in the Complaint must be construed in favor of the plaintiff, and all plaintiff's factual allegations must be accepted as true.[3]  If, however, the pleadings do not, as a matter of law, set out facts sufficient to state a claim upon which relief may be granted, then the motion to dismiss will be granted.

Columbia argues that because Defendants have attached exhibits to their motions that were not attached to the Complaint, Defendants' motions to dismiss should be treated as motions for summary judgement.[4]  When exhibits outside the pleadings are presented to the court, a motion to

---

[1] *Toombs v. Bell*, 793 F.2d 297, 298 (8th Cir. 1986).

[2] *Jenkins v. McKeithen*, 395 U.S. 41 1 (1969).

[3] *In re Staffmark, Inc. Securities Litigation*, 123 F. Supp. 2d 1 160, 1 162 (E.D. Ark. 2000).

[4] Doc. No. 21.

dismiss should be treated as a motion for summary judgment.[5] This is particularly the case when the plaintiff fails to reference the facts or documents in its complaint.[6] Defendants have, in fact, attached two critical exhibits to their motions to dismiss, the "Partial Release of Claims" (Ex. A), and the "Waiver" (Ex. B).[7] Neither of these documents were referenced in or attached to the Complaint, and neither are public records; therefore, they will not be considered in the pending motions to dismiss.

Although Defendants' motions can be construed as motions for summary judgment, it would be inappropriate at this time. Columbia argues that it has not been given time for discovery, particularly in light of these new documents and allegations. Accordingly, a motion for summary judgement is premature.

Defendants argue that the claim should be dismissed because Church has not been fully compensated as required by the "made whole" doctrine. For this proposition, Defendants cite *Franklin v. Healthsource*,[8] which held that insurers were not entitled to recover until the insured had been fully compensated, or "made whole." Although I think that Columbia may well be subject to the "made whole" doctrine, there are some fundamental defects in Defendants' argument. First,

---

[5] Fed R. Civ. P. 56(b).

[6] *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909 (8th Cir. 2002); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077 (8th Cir. 1999); *see also Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

[7] Doc. No. 11.

[8] 328 Ark. 163.

whether Church has been made whole remains a question of fact; and second, the "made-whole" doctrine doesn't apply to the other Defendants.[9]

The fact that a dispute exists as to whether Church has been fully compensated, serves only to illustrate that the motions to dismiss are premature, and the parties should be allowed additional time for discovery. Further, any dispute regarding the "made-whole" doctrine concerns only the Columbia and Church;[10] it cannot be used as a shield by a third party. Therefore, without consideration of the attached documents and corresponding arguments, Defendants' Motions to Dismiss are DENIED.

**IV.   CONCLUSION**

Separate Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED this 15th day of September, 2006.


                                                                /s/Wm. R. Wilson, Jr.
                                                          UNITED STATES DISTRICT JUDGE

---

[9] *Id.*

[10] *Id.*